Howell, J.
On the 15th July, 1861, the plaintiff brought this suit by attachment against the defendant, a citizen of Mexico, on twenty-eight promissory notes, amounting to $110,268 60, made, respectively, by lie ary Brothers and Trasimond Landry, and alleged to be endorsed by the commercial firm of J. Y. de Egana, composed of said Egana and the defendant, as general partners. The defendant denied that there ever existed such a partnership, or that he is in any manner liable on said notes, and subsequently pleaded the peremptory exception of res judicata, averring that on the 11th January, 1861, the Second District Court of New Orleans rendered a judgment declaring that “ the partnership in commendam, once existing between M. J. de Lizardi and J. Y. de Egana, expired by, limitation on the 30th September, 1853, and that no partnership, commercial or otherwise, existed between said parties from and after that date;” that on 22d January, 1866, the Supreme Court dismissed the appeals, taken from said judgment by the present plaintiff, and others, on the ground that the appellants, having ratified the execution of said judgment, had assented to and acquiesced in the same, and were.bound thereby; and that plaintiff, who was a creditor of Egana, and party with defendant to said judgment, cannot be permitted to raise anew and question any of the points passed upon and determined therein.
The District Judge overruled the exception, but on the. merits decided that the defendant was a partner in commendam of J. Y. de Egana, and not responsible for the notes sued on, and the plaintiff has appealed.
The cause has been ably and elaborately argued before us, both orally and by briefs, upon all the points involved, and we have given to it the consideration which its importance demands, and the time, which we could devote to the very voluminous record, affords.
Our attention is first directed to the peremptory exception, to the effect that on the 11th January, 1861, the Second District Court decided that the defendant was not a partner of Egana, as charged herein, and that plaintiff, having ratified the execution of said judgment, has acquiesced therein, and is estopped from again raising the question of said partnership.
In the Succession of J. Y. de Fgana, (reported in the 18 A., pp. 59 and 263) this Court held that the Canal Bank, plaintiff herein, and other creditors of said succession, had ratified the execution of, and acquiesced in the said judgment of the Second District Court, rendered on 11 th January, 1861, *286 and on that ground dismissed their appeal therefrom, upon the motion of the defendant herein and another. And we see no reason for changing that opinion. It seems only necessary, therefore, to determine now whether or not the question of partnership, between Egana and Lizardi, was so raised and settled in that proceeding as to bind the parties to this suit.
The facts necessary to this inquiry, selected' from a great variety contained in the record from the Second District Court, are the following: Juan Y. de Egana, having died in April, 1860, leaving a will, J. M. Caballero was qualified as executor, and entered upon the duties of his office. Manuel J. de lizardi, the defendant herein, was appointed liquidator of the-commercial firm of J. Y. de Egana, upon his allegation, that he was the partner in commendam of the said Egana, and entered upon his duties.
During the progress of these two administrations, the executor, upon the demand of creditors, filed two accounts, showing, among other things, that he had paid to the liquidator $436,104 48, in cash and notes, in part payment of the indebtedness of the deceased to the late firm, and admitting Lizardi to be a creditor, individually, for about $64,000. To these accounts numerous oppositions were filed by creditors, (among them the Canal Bank, for the notes now in suit) which contain the specific allega-, tion, that Lizardi was the general partner of Egana, and bound in solido with him for all the debts. The liquidator was also required to file two accounts, to which similar oppositions were made.
From the one presented, on behalf of the Canal Bank with others, we quote the following:
“ Now come into court the hereinafter named parties, creditors of the commercial firm of Juan Y. de Egana, composed of said Juan Y. de Egana and Manuel Julian de Lizardi. * * * * *
Further opposing, they say that said Manuel Julian de Lizardi has rendered himself, and must be held liable to your opponents for the whole amount of their respective claims, with interests and costs, in consequence of the foregoing facts and allegations, etc. * * * That by his very accounts, informal, incomplete and incorrect as they are, it is shown that said Manuel Julian de Lizardi had, from the beginning, the absolute control and management of the affairs, both of the partnership and of the succession;: that it was his duty to liquidate the concern within one year from the day he tools charge de facto of the liquidation. * * Wherefore, they pray that this, their opposition, be sustained; that the two accounts of said Manuel Julian de Lizardi be rejected in tolo, as informal, incomplete and incorrect; that they (your opponents) be acknowledged as creditors of the firm of Juan Y. de Egana, and of the estate of Juan Y. de Egana, and of said Manuel Julian de Lizardi, in solido, to-wit: *******
The New Orleans Canal and Banking Co. $100,000, with eight percent, from the maturity of every note until paid, costs of protest and the costs of suits.
They further pray that the said Manuel Julian de Lizardi, and the testamentary executor, Jóse Maria Caballero, be decreed to be personally liable for, and condemned in solido, to pay the whole due to your oppo *287 nents by said Juan Y. de Egana, say $254,321 60, with interests and costs, as above specified; ” and in the alternative, they pray for the ratification of the accounts as stated in the opposition.
It is proper here to remark, that the notes above referred to, are the same on which this suit had been brought, and was then pending in the Fourth District Court, and that as a matter of history, there was no Judge then presiding in said court.
It is true, as urged by plaintiff’s counsel, that the controversy in the Second District Court was between the creditors, the executor and the liquidator, and grew out of the accounts rendered by the two last in their official capacity; but as to the parties now before us at least, we think the question of a general commercial partnership, between Egana and Lizardi, was clearly and distinctly presented, and the liability of the latter, on the commercial paper held by plaintiff, was alleged; and on the issues made up, the Judge of the Second District Court, on the 11th January, 1864, rendered the following judgment:
“For the reasons assigned, and with full reservation of the rights of creditors and heirs against J. M. Caballero, executor, for all properties, moneys, rights and credits, shown to have come to his hands in his said capacity, and for such damages as the law allows in cases of this nature, as also against Manuel J. de Lizardi and Manuel A de Lizardi, his agent:
It is adjudged and decreed, that all the property named in the inventories of this estate, as well as the property of the commercial firm of J. Y. de Egana, be declared, in whole and in part, to belong. to the succession of the deceased; that the partnership in commendam, once existing between Manuel J. de Lizardi and the deceased, expired by limitation on the 30th September, 1853, and that no partnership, commercial or otherwise, existed between said parties from and after that date; that Manuel J. de Lizardi was never the legal liquidator of the accounts of the commercial houses of J. Y. de Egana; and that all the acts of the said Manuel J. de Lizardi, and of his agent, Manuel A. de Lizardi, in this succession, from the 19th April, 1860, till the present time, have been wrongful, and the acts of intermeddlers, without the sanction of law or right, and that said acts' have made them liable for all the damages sustained by this succession, as also for such assets thereof as have come to their hands.
And it is further ordered, that the accounts of Manuel J. de Lizardi, filed on 26th of August, 1861, and on the 30th May, 1863, as liquidator of the commercial house of J. Y. de Egana, be rejected; that he be dismissed from said office; that he, or his said agent, Manuel A. de Lizardi, do presently hand over to the executor, J. M. Caballero, to be distributed by said executor according to law, the sum of $436,712 15, wrongfully taken possession of by them; also, the one-half proceeds of sale of lots, slaves, crops, Citizens’ Bank shares pertaining to Grande Isle plantation, and proceeds of Fisk’s refinery, amounting in the aggregate (after deduction of $21,060 Citizens’ Bankmortgage) to $50,266 04, and retained by them as the property of M. J. de Lizardi; also, proceeds of sales of furniture, slaves William, Nancy and Fanny; slaves sold in January, 22d May and 28th December, 1861, and mules, etc., sold 28th October, 1861, and amounting in the aggregate to $22,499 16, as received by him or his agent, and whether the same be represented by cash or notes.
*288 And ifc is further ordered and decreed that there be judgment in favor Of J. M. Caballero, executor, and against Manuel J. de Lizardi and Manuel A. de Lizardi, in solido, for the sum of §725,540 40 assets of the commercial house, in bills receivable, debts due the house, cash, stock in trade, and Canal Bank shares received by them at the time they took possession of said assets, with legal interest, from 21st April, 1860, with reservation to creditors and heirs of the right to pursue either Manuel J. de Lizardi or his said agent, Manuel A. de Lizardi, for any further assets of the commercial house or separate property of Egana, that may have come to third hands in the course of these proceedings.
And it is further ordered that the said Manuel J. de Lizardi, or his said agent, do presently hand over to the said Caballero, executor, the mortgage notes of Kearv Brothers, on which suit has been brought, amounting say, to the sum of §278,000, and also the mortgage notes of Trasimond Landry, to the amount of say §80,000, and generally all evidences of debt in his hands belonging to the house of J. Y. de Egana — the rights of creditors and heirs being reserved, as before, against the said parties, in case any loss or damage arise .to the estate by reason of their having got possession of said notes, and thereby prevented the legal administrator of the estate from collecting them at the time they should have been collected.
And it is finally ordered that the said M. J. de Lizardi, or his agent, pay. all costs resulting from their proceedings in the succession from 19th April, 1860, till this decree be finally executed.
And it is further ordered, adjudged and decreed that the payments named in executor’s account, amounting to the sum of §9,078 .30, as also the item of §2,000, in favor of Pierre Soulé, and finally, the costs and attorney’s fees, amounting to $1,619 50, which he proposes to pay,” be approved and homologated; that the payment of §436,712 15, appearing upon the tableau as an amount of cash and notes paid'by the executor to M. J. de Lizardi, be disregarded and disallowed as void and of no effect, and that said amount be charged to. the account of J. M. Caballero, executor; that the statement under the head of “ various creditors, per balance sheet, 31st December, 1861,” be stricken from the tableau, without prejudice to bona fide creditors to assert their claims under a future account, and that the item, §690,958 34, charged as a debt of the deceased to the commercial house of J. Y. de Egana, be in like manner stricken from the account.
And it is finally ordered, that the executor’s account, as filed the 11th April, 1863, be approved and homologated, so far only as is consistent with, this judgment, and the funds bo distributed accordingly; and that the said J. M. Caballero, executor, do proceed with all dispatch with the execution of the will of the deceased, and to the final settlement of his estate. ’■’
It will be readily perceived, that the main force of this judgment was directed against M. J. de Lizardi, and that by it he was made to hand over to the executor assets in money, notes, etc., to the amount of about one million and six hundred thousand dollars; and that the charges made in' the executor’s accounts necessarily resulted from the deoree against Lizardi, And if there be anything - definitely settled by the *289 judgment it is, that Lizardi was not a partner of Egana after the 30tK September, 1853; that he was dismissed from office as liquidator, and held responsible to creditors and heirs for all damages that might result from his connection with the estate of Egana; that all the property included in the inventories of said estate, and all the property of the commercial firm of J. Y. de Egana belonged solely to the succession of Egana, and was, in consequence, restored to the executor to be administered according to law, and with dispatch, for the benefit of the creditors and heirs of EgaDa.
The Lizardis attempted to obtain a new trial, but were successfully resisted by the creditors, and among them was the plaintiff in this action.
The judgment was executed by the sheriff, and the proceeds arising therefrom, in part at least, were distributed by a tableau filed by the executor, and a pro rata portion received by the plaintiff. Subsequently the creditors, including plaintiff, appealed from the judgment, and we have seen that their appeal was dismissed, on the ground that they had ratified and acquiesced in the execution of the judgment, and could not be heard to complain of it. 18 A. 59, 263.
The conclusion is irresistible that plaintiff, who was one of the appellants, is bound by that portion of the decree which declared that M. J. de Lizardi was not, at the date of the notes sued on in this action, a partner of J. Y. de Egana, the endorser, and that all the property pertaining to the commercial house of J. Y. de Egana, belonged solely to his succession; and, as a legal consequence, M. J. de Lizardi cannot be held responsible or liable to plaintiff on said notes as a partner of Egana. Plaintiff is perpetually barred by said judgment from pursuing him as a partner in said commercial house, whether the judgment be correct or not. It is now beyond our revision, and we can only inquire into its effects in this proceeding.
Whatever rights may have been reserved therein to the bank, we think it clear that the right to have Lizardi declared a partner of Egana, and held liable for these notes, was not reserved; for the Judge of the Second Court considered that question to be before him (whether rightly or wrongly, cannot now be determined) and his decision thereon is final, as to the parties before us in this suit.
That this point was decided by the Second Court seems to be conceded by plaintiff; for in the brief, filed on the motion to dismiss the appeal in this court, we find the following language, to which our attention is directed as pertinent in defendant’s argument: “But as to the liquidator, Lizardi, the Court, whilst reserving the appellants’ rights, and giving judgment against him as an intermeddler for a certain amount, has gone still further, and declared, contrary to the allegations and prayer of the opponents, that Lizardi was not a commercial partner of Egana. This, appellants contend, is an egregious error, highly prejudicial to their interests. And on this ground alone, they claim the right to have the judgment appealed from revised and corrected.”
As said by ns in the matter of the Succession of Egana, already quoted, the plaintiff, by its own voluntary acts therein, became a party to the whole proceeding, and privy to the judgments rendered, and having acquiesced therein, is bound by their finality.
*290 We conclude, that the voluntary execution of a judgment is conclusive evidence of its being acquiesced in; that a judgment, though not strictly and technically coming within the rule of “ the thing adjudged,” can neither be attacked nor questioned by a party who has voluntarily acquiesced in it; and that a judgment acquiesced in must,- as to the parties to it, have the authority of the thing adjudged; and that plaintiff, having by its own acts and its agent, the executor, executed, and thereby acquiesced in the judgment of the 11th January, 1864, pleaded as a bar to this action, is estopped from pursuing the defendant as a partner of J. Y. de Egana.
The exception was, in our opinion, properly taken, and should have been sustained by the lower court.
And for these reasons it is ordered, adjudged and decreed that the judgment appealed from, which was in favor of defendant, be affirmed, with costs.
Rehearing refused.